1  exclusive remedy provisions of the workers' compensation laws.  *See Cole v. Fair Oaks Fire*

2  *Protection Dist.* (1987) 43 Cal.3d 148, 160.  In *Cole*, the court held that the workers' compensation

3  exclusive remedy provisions preempted an employee's IIED claim.  *Id.* at 151.   The *Cole* court

4  explained: "An employer's supervisory conduct is inherently 'intentional,'" and "it would be

5  unusual for an employee not to suffer emotional distress as a result of an unfavorable decision by his

6  employer."  *Id.* at 160 (italics in original).   Therefore, the court reasoned that where the acts

7  attributed to the employer constitute a normal part of the employment relationship, such as a

8  discharge, demotion, discipline or criticism, an employee may not avoid the exclusive remedy

9  provisions of the Labor Code merely by characterizing the employer's decision as one calculated to

10  cause severe emotional disturbance.  *Id.*

11     Here, Plaintiff's IIED claim is based solely on KALITTA's alleged rejection of his

12  accommodation request and termination of his employment based purportedly on his age, disability

13  and filing of a workers' compensation claim.   No matter how Plaintiff characterizes KALITTA's

14  conduct, there can be no dispute that the alleged conduct was merely part of the normal course of the

15  employment relationship, and one that is subject to the exclusive remedy provision of the workers'

16  compensation laws. Therefore, Plaintiff's IIED claim does not fall outside the exclusive jurisdiction

17  of the Workers' Compensation Appeals Board.

18     2.   **Plaintiff's Claim for Intentional Infliction of Emotional**

19        **Distress Fails to Allege Sufficient Facts to State a Cause of**

20        **Action.**

21     Even if this Court had jurisdiction over the IIED claim, the Court should dismiss Plaintiff's

22  claim because he has not alleged facts sufficient to state a cause of action.   An essential element of

23  an IIED claim is a pleading of outrageous conduct beyond the bounds of human decency.  *See*

24  *McMahon, supra,* 176 Cal.App.4th at 236.  In *Janken v. GM Hughes Electronics,* the court affirmed

25  the dismissal of an IIED claim that duplicated an FEHA claim and reasoned:

26  ///

27  ///

28  ///

> The intentional infliction of emotional distress claim fails for similar reasons. An essential element of such a claim is a pleading of outrageous conduct beyond the bounds of human decency. (Citation omitted.) Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.

*Janken v. GM Hughes Electronics* (1996) 46 Cal.App. 4th 55, 80.

Here, Plaintiff's only allegation to support his IIED claim merely states a conclusion of law that "[b]ased on the above-alleged facts, Defendants' conduct was extreme, outrageous and done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff's emotional distress." *See* Compl. at ¶ 63. Yet, the totality of the "above-alleged facts" referenced by Plaintiff amounts to nothing more than KALITTA's employment decision to allegedly deny his accommodation request and terminate his employment. There is simply nothing about this conduct that would even remotely constitute "outrageous conduct beyond the bounds of human decency." As *Janken* noted, "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." 46 Cal. App. 4th at 80 (emphasis added). Therefore, Plaintiff's sixth cause of action must be dismissed for failure to state facts sufficient to constitute a claim.

## IV.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Demurrer be sustained, without leave to amend, and that the Second, Fourth, Sixth and Seventh Causes of Action of Plaintiff's Complaint be dismissed with prejudice.

DATED: September 26, 2013          THOMPSON & COLEGATE LLP

By: _____
GARY T. MONTGOMERY
Attorneys for Defendant,
KALITTA AIR, L.L.C.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action. My business address is **3610 Fourteenth Street, P. O. Box 1299, Riverside, California 92502.**

On September 26, 2013, I served the foregoing document described as **DEFENDANT KALITTA AIR, L.L.C.'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 3610 Fourteenth Street, Riverside, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐    **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐    **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 26, 2013, at Riverside, California.

_____
Chris Houk

1

## SERVICE LIST

2

3   Joel D. Larabee, Esq.
    THE LARABEE LAW FIRM                          Attorneys for Plaintiff
4   4455 Murphy Canyon Rd., Suite 211             JAMES SMOLLEN
    San Diego, CA 92123                           (619) 453-0893
5                                                 (619) 342-8550

6   Nicholas C. Bart (Seeking Admission Pro Hac Vice)
    Peter C. Kim (Seeking Admission Pro Hac Vice)    Co-Counsel for Defendant
7   ADLER MURPHY & McQUILLEN LLP                     KALITTA AIR, L.L.C.
    20 S. Clark Street, Suite 2500                   Tel: (312) 345-0700
8   Chicago, Illinois 60603                          Fax: (312) 345-9860

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "E"

1 | GARY T. MONTGOMERY (SBN 166817)
KIRSTEN B. SHEA (SBN 241469)
2 | THOMPSON & COLEGATE LLP
3610 Fourteenth Street
3 | P. O. Box 1299
Riverside, California 92502
4 | Tel: (951) 682-5550
Fax: (951) 781-4012
5 |
NICHOLAS C. BART (Seeking Admission Pro Hac Vice)
6 | PETER C. KIM (Seeking Admission Pro Hac Vice)
ADLER MURPHY & McQUILLEN LLP
7 | 20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
8 | Tel: (312) 345-0700
Fax: (312) 345-9860
9 |
Attorneys for Defendant, KALITTA AIR, L.L.C.
10 |

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

13 |

14 |

15 | JAMES SMOLLEN, an individual,              CASE NO. RIC 1309670

16 |          Plaintiff,                        JUDGE: Hon. Craig G. Riemer

17 | v.                                         **REQUEST FOR STATEMENT OF DAMAGES**

18 | KALITTA AIR, L.L.C., and DOES 1 through 5,

19 |          Defendants.                       TRIAL DATE:     Not Assigned
                                               ACTION FILED:   8/20/13
20 |

21 |      TO PLAINTIFF JAMES SMOLLEN AND TO HIS ATTORNEY OF RECORD:

22 |      YOU ARE HEREBY REQUESTED, under and pursuant to the provisions of §425.11 of the

23 | California Code of Civil Procedure, to furnish this defendant with a statement specifically setting

24 | forth the nature and amount of any and all damages being sought herein.

25 | ///

26 | ///

27 | ///

28 | ///

1

NICHOLAS C. BART (Seeking Admission Pro Hac Vice)
PETER C. KIM (Seeking Admission Pro Hac Vice)
**ADLER MURPHY & McQUILLEN LLP**

GARY T. MONTGOMERY
**THOMPSON & COLEGATE LLP**

DATED: October 9, 2013

By: _____
       Attorneys for Defendant,
       KALITTA AIR, L.L.C.

2

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

3

    I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action. My business address is **3610 Fourteenth Street, P. O. Box 1299, Riverside, California 92502**.

4

5

    On October 9, 2013, I served the foregoing document described as **REQUEST FOR STATEMENT OF DAMAGES** on the interested parties in this action.

6

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

7

8

    **SEE ATTACHED SERVICE LIST**

9

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 3610 Fourteenth Street, Riverside, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

10

11

12

13

☐    **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

14

15

☐    **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

16

17

☐    **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

18

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

19

20

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22

Executed on October 9, 2013, at Riverside, California.

23

24

_____
Chris Nouk

25

26

27

28

PROOF OF SERVICE

1

## SERVICE LIST

2

3
Joel D. Larabee, Esq.                          Attorneys for Plaintiff
THE LARABEE LAW FIRM                           JAMES SMOLLEN
4455 Murphy Canyon Rd., Suite 211              (619) 453-0893
4
San Diego, CA 92123                            (619) 342-8550

5

6
Nicholas C. Bart (Seeking Admission Pro Hac Vice)    Co-Counsel for Defendant
Peter C. Kim (Seeking Admission Pro Hac Vice)        KALITTA AIR, L.L.C.
7
ADLER MURPHY & McQUILLEN LLP                    Tel:  (312) 345-0700
20 S. Clark Street, Suite 2500                  Fax: (312) 345-9860
8
Chicago, Illinois 60603

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "F"

# LARABEE LAW FIRM

San Diego Employment Law Attorneys

Joel Larabee, Esq.
Attorney

4455 Murphy Canyon Rd., Suite 211
San Diego, CA 92123

P: (619) 453-0892
E: joel@larabeelaw.com
W: www.larabeelaw.com

October 24, 2013



Gary Montgomery
Thompson & Colegate LLP
3610 Fourteenth Street
P.O. Box 1299
Riverside, CA 92502

Nicholas C. Bart
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603

RE:  Smollen v. Kalitta Airl, LLC – RE Statement of Damages

Dear Counselors:

I'm writing in response to your client's request for a specific statement of damages from my client. Due to the early nature of litigation, the necessity for discovery on these issues, and the fact that an expert will be hired to opine (with specificity), we are unable to provide a comprehensive picture of our client's monetary harms at this time.

Suffice it to say, he has incurred lost wages and monetary damages related to the causes of action pled. The evidence of which mainly resides in the possession and control of your client, Kalitta Air. He has incurred emotional distress and attorney fees/costs in an amount to be determined through further discovery and with the help of experts. If you are looking for a base amount to start with, we suggest considering what Kalitta was paying Smollen multiplied out until he can actually realize full mitigation.  We will be happy to turn over all evidence regarding these issues, that are in our possession and control during the discovery process.

Sincerely,

Joel Larabee, Esq.

EXHIBIT "G"

Joel D. Larabee, Esq. SB #243117
Catherine Hampton, Esq. SB #285864
THE LARABEE LAW FIRM
4455 MURPHY CANYON RD., STE. 211
SAN DIEGO, CALIFORNIA 92123
TELEPHONE: (619) 453-0892
TELECOPIER: (619) 342-8850
JOEL@LARABEELAW.COM
CATHERINE@LARABEELAW.COM

Attorneys for Plaintiff,
**James Smollen**

RECEIVED
OCT 30 2013
By

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JAMES SMOLLEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KALITTA AIR, L.L.C., and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Case No.  RIC 1309670<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(Unlimited Civil)<br><br>(1) AGE DISCRIMINATION;<br>(2) DISABILITY DISCRIMINATION;<br>(3) FAILURE TO MAKE REASONABLE ACCOMODATIONS AND FAILURE TO ENGAGE IN A TIMELY AND GOOD FAITH INTERACTIVE PROCESS;<br>(4) FAILURE TO TAKE STEPS REASONABLY NECESSARY TO PREVENT DISCRIMINATION;<br>(5) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>(6) RETALIATION;<br>(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>[JURY TRIAL AND ATTORNEYS FEES DEMANDED] |

FIRST AMENDED COMPLAINT

COMES NOW, JAMES SMOLLEN (hereinafter "Plaintiff" or "SMOLLEN"), for causes of action against Defendant KALITTA AIR, LLC. (hereinafter "KALITTA") alleges as follows:

**PARTIES**

1.      Plaintiff JAMES SMOLLEN, is and at all relevant times mentioned herein, was an individual residing in the County of Riverside, State of California.

2.      Defendant KALITTA is and at all relevant times mentioned herein a business entity duly organized under the laws of the State of Michigan having its principal place of business in the County of Washtenaw, State of Michigan and doing business in the State of California.  At all times relevant to the complaint, KALITTA met the requirements of FEHA to fall under its purview, including having five or more employees.

3.      At all relevant times alleged herein Defendant employed Plaintiff.

4.      Plaintiff is informed and believes and thereon alleges that each of these Defendants named herein as DOES are the agents, employers, representatives or employees of the other named Defendants and when performing the acts alleged herein, were acting within the scope of their agency, employment and/or representative capacity and are therefore responsible for the acts complained of herein.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences alleged and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and all of their acts.  Plaintiff will seek leave of court to amend this complaint to set forth the true names and capacities of such named Defendants when their identities become known to her.

5.      PETE SANDERLIN (hereinafter "SANDERLIN") is a "supervisors" or "managers" within the meaning of California Government Code § 12940, et. seq.

FIRST AMENDED COMPLAINT

6.     THOMAS HENRY (hereinafter "HENRY") is a "supervisors" or "managers" within the meaning of California Government Code § 12940, et seq.

7.     LAURIE STOCKTON (hereinafter "STOCKTON") is a "supervisor" or "manager" within the meaning of California Government Code § 12940, et. seq.

8.     Plaintiff seeks compensatory damages, costs of suit herein, and attorneys' fees pursuant to Cal. Gov't Code §12940 et seq.

9.     As a further legal result of the unlawful and wrongful actions of Defendant and each of their agents against Plaintiff as alleged herein, Plaintiff has been harmed in that he has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

10.     Plaintiff filed a complaint for age discrimination, disability discrimination, failure to make reasonable accommodations and failure to engage in a good faith interactive process, failure to take steps reasonably necessary to prevent discrimination, retaliation, and wrongful termination. Plaintiff requested DFEH 'right-to-sue' letters against the Defendant on or around August 16, 2013 and received 'right-to-sue letters' on or around August 16, 2013 (all attached as Exhibit "A").

11.     As a direct and proximate result of the unlawful acts of Defendant, Plaintiff has suffered and continues to suffer from loss of earnings in amounts as yet unascertained but subject to proof at trial.

## JURISDICTION AND VENUE

12.     Jurisdiction is proper in the Superior Court for the County of Riverside pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

13.     Venue is proper in the County of Riverside pursuant to Section 395.5 of the California Code of Civil Procedure because the obligations and liabilities of the Defendants

FIRST AMENDED COMPLAINT

1  arose within the County of Riverside.

2  **GENERAL ALLEGATIONS**

3  14.  Plaintiff was at all times relevant herein, employed by the Defendant as a full-time

4  Station Manager at its LAX location. Plaintiff worked for KALITTA for approximately six and a

5  half years until Defendants terminated him on or about January 3, 2013 for pretextual and false

6  reasons.

7  15.  Plaintiff is 64 years old.

8  16.  KALITTA is a cargo airline that operates international scheduled and ad-hoc cargo

9  charter services. KALITTA services approximately 27 international and domestic destinations,

10  including Plaintiff's workplace, the Los Angeles hub.

11  17.  During his employment, KALITTA exposed Plaintiff to disability discrimination,

12  failed to reasonably accommodate Plaintiff's disability, failed to reasonably prevent discrimination,

13  retaliated against him for his injury, and exposed him to age discrimination all which ultimately

14  resulted in his wrongful termination at the hands of Defendant.

15  18.  Around July 2012, Plaintiff injured himself on the job when he moved a large cargo

16  pallet on an airplane causing a shoulder injury that required surgery.

17  19.  Plaintiff filed a workers compensation claim on or about July 16th, 2012 as a result

18  of the shoulder injury and was off work until KALITTA wrongfully terminated him on January 3,

19  2013.

20  20.  Plaintiff remained in contact with THOMAS HENRY and LAURIE STOCKTON

21  by telephone approximately every two weeks to provide updates regarding his medical status.

22  HENRY told Plaintiff during these conversations that he was "looking forward to getting [Smollen]

23  back on the job."

24  21.  During these conversations, HENRY gave Plaintiff the impression that once

25  SMOLLEN healed, he would be able to return to work based on his comments about "getting

26  [Smollen] back on the job."

27  22.  Plaintiff's doctor cleared him to return to work with accommodations around

28  December 2012.

23.  Plaintiff contacted HENRY and STOCKTON at KALITTA approximately three

times in writing during December 2012 and requested to come back to work with minor, low-cost

FIRST AMENDED COMPLAINT

work accommodations including: refraining from lifting a load in excess of 20 pounds and refraining from activities that required he lift his arm above his head.

24.     Both HENRY and STOCKTON informed SANDERLIN about Plaintiff's requested accommodations, but SANDERLIN immediately flatly rejected them.

25.     When Plaintiff inquired why SANDERLIN kept rejecting his requests to return to work, HENRY informed him that SANDERLIN was scared that SMOLLEN would get hurt again and sue the company and so SANDERLIN did not want to risk reinstating him.

26.     Plaintiff strongly asserted that he could have done approximately 95% of his job with the minor restrictions in place because the lion's share of his average day consisted of purely administrative duties.

27.     Less than a month after Plaintiff requested to return to work with accommodations, on or about January 3, 2013, Defendant terminated Plaintiff with no prior warning because of his disability, age, and requests for accommodation.

28.     HENRY routinely told Plaintiff that he was "one of the best Station Managers at Kalitta."

29.     Defendant did not provide Plaintiff with a reason when it terminated him. Plaintiff followed up with STOCKTON who only stated it was a "cost-saving measure."

30.     Defendant then hired a much younger employee, at a higher cost, to replace Plaintiff. Defendant created a conspicuous contradiction between its stated reason for terminating Plaintiff and the reality of its business decision. Plaintiff was the only employee in his position/level that was let go.

## FIRST CAUSE OF ACTION

### (Age Discrimination v. KALITTA)

### Violation of Cal. Gov. Code § 12940(a), et. seq.

31.     Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

32.     Notwithstanding Plaintiff's longstanding qualifications, Defendant terminated Plaintiff from his position in favor of retaining a much younger employee with a much higher salary in order to keep him closer to LAX. Moreover, Plaintiff is informed and believes, and on that basis

FIRST AMENDED COMPLAINT

1    alleges, that after his termination Defendant continued to identify an individual to perform the duties

2    that Plaintiff had loyally and faithfully performed over the years for Defendant who was younger

3    than Defendant and was willing to offer a higher salary than Defendant had paid Plaintiff.

4         33.    As a 64-year-old employee of the Defendant, Plaintiff SMOLLEN is a member of a

5    protected class and qualified to perform the duties and responsibilities of her position, with

6    reasonable accommodation for his disability.

7         34.    As a direct and proximate result of Defendant's conduct, Plaintiff has and will

8    continue to suffer past and future monetary losses. In addition, Plaintiff has and continues to suffer

9    the loss of other benefits related to his position with Defendant.

10        35.    As a legal result of the named Defendants' deliberate, outrageous, despicable

11   conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount

12   commensurate with each of Defendants' wrongful acts and sufficient to punish and deter future

     similar reprehensible conduct.

13

14        36.    In addition to such other damages as may properly be recovered herein, Plaintiff

15   is entitled to recover prevailing party attorney fees.

16                               ## SECOND CAUSE OF ACTION

17                        ### (Disability Discrimination v. KALITTA)

                          ### Violation of Cal. Gov. Code § 12940(j)

18

19        37.    Plaintiff incorporates herein by this reference all preceding paragraphs of the

     Complaint as though fully set forth anew.

20        38.    At all times mentioned herein, California Government Code section 12940 et seq.

21   was in full force and effect and was binding on KALITTA. This section requires Defendant, as

22   employers and supervisors, to refrain from discriminating against employees such as SMOLLEN on

23   the basis of perceived or actual disability.

24        39.    Plaintiff SMOLLEN believes and thereon alleges that his disability (work related

25   shoulder injury) was a factor in Defendants' adverse actions, directed against him as set forth herein

26   along with Defendant's age discrimination. Such actions are unlawful, discriminatory, and

27   retaliatory in violation of Government Code Section 12940 et seq., and have resulted in damage and

28   injury to Plaintiff, as alleged herein.

                              FIRST AMENDED COMPLAINT

40.     As a proximate result of Defendants' willful, knowing and intentional acts and harassment against SMOLLEN, he has suffered and continues to suffer humiliation, annoyance, embarrassment, shame, fright, loss of reputation, severe stress and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

41.     As a legal result of the named Defendants' deliberate, outrageous, despicable conduct, SMOLLEN is entitled to recover punitive and exemplary damages in an amount commensurate with each of Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

42.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## THIRD CAUSE OF ACTION

### (Failure to Make Reasonable Accommodations and Failure to Engage in a Good Faith Interactive Process v. KALITTA)

### Violation of Cal. Gov. Codes §§ 12926.1(e), 12940(m), and 12940(n)

43.     Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

44.     At all times herein mentioned, California Government Code §§ 12940, et seq. of the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act) were in full force and effect and were binding on Defendant.  These sections, *inter alia*, require Defendant, as an employer, to engage in the interactive process with its employees to determine the propriety of reasonable accommodations for employees that have or are perceived to have disabilities.

45.     By engaging in the course of conduct as alleged above, KALITTA failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent he needed them.

46.     As a proximate result of Defendants' willful, knowing and intentional acts and harassment against SMOLLEN, he has suffered and continues to suffer humiliation, annoyance, embarrassment, shame, fright, loss of reputation, severe stress and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

FIRST AMENDED COMPLAINT

47.     As a legal result of the named Defendants' deliberate, outrageous, despicable conduct, SMOLLEN is entitled to recover punitive and exemplary damages in an amount commensurate with each of Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

48.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## FOURTH CAUSE OF ACTION

### (Failure to take Reasonably Necessary Steps to Prevent Discrimination v. KALITTA)

49.     Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

50.     At all times herein mentioned, California Government Code §§ 12940, et seq. of the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act) were in full force and effect and were binding on Defendants.  These sections, *inter alia*, require Defendant, as an employer, to refrain from discriminating against any employee on the basis of, among other things, physical disability, mental disability, or perceived physical or mental disability, race, age discrimination, including the prohibition against harassment in the workplace based on any of these characteristics.

51.     Plaintiff is informed and believes and thereon alleges that KALITTA failed to take all steps reasonably necessary to prevent discrimination and harassment from occurring in violation of the applicable provisions of Government Code §§ 12940, et seq.

52.     As a direct legal result of Defendants' conduct, Plaintiff has sustained and continue to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

53.     As a proximate result of Defendants' willful, knowing and intentional discrimination and harassment and retaliation against Plaintiff, he has suffered and continues to suffer humiliation, frustration, embarrassment, shame loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

FIRST AMENDED COMPLAINT

54.     In addition to such other damages as may be properly recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy v. KALITTA)

55.     Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

56.     The above-described conduct of Defendants constitutes age/disability discrimination, failure to make reasonable accommodations, failure to prevent discrimination, retaliation, and wrongful termination in violation of public policy embodied in the FEHA.

57.     As a result of Defendants' wrongful termination of Plaintiff, he has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.  In addition to such other damages as may be properly recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

58.     Defendants' acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

### (Retaliation v. KALITTA)

### Violation of 12940 et. seq and Cal. Lab. Code § 132a

59.     Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

60.     At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant.  This section requires KALITTA, as an employer to refrain from retaliating against or harassing any employee for engaging in protected activity.

61.     At all times mentioned herein, California Labor Code section 132a was in full force and effect and was binding on Defendant. This section prohibits KALITTA, as an employer from discharging, threatening to discharge, or in any manner discriminating against

FIRST AMENDED COMPLAINT

1  any employee because he filed or made known his intention to file a claim for compensation with

2  his employer or an application for adjudication. Any such employee will be entitled to

3  reinstatement and reimbursement for lost wages and work benefits caused by the acts of the

4  employer.

5        62.    Plaintiff opposed Defendants' discriminatory acts by complaining about Defendant's

6  failure to reasonably accommodate and engage in a good faith interactive process. In return

7  KALITTA failed to remedy the problem and attempt to reasonably accommodate Plaintiff and

8  instead terminated him and hired a younger man in his place.

9        63.    Defendant further retaliated against PLAINTIFF SMOLLEN for filing a workers

10  compensation claim by terminating him.

11        64.    As a direct, legal result of KALITTA'S conduct, Plaintiff has sustained and

12  continues to sustain substantial losses in earnings, employment benefits, employment opportunities,

13  and Plaintiff has suffered other economic losses in an amount to be determined at trial.  Plaintiff has

14  sought to mitigate these damages.

15        65.    As a proximate result of Defendants' willful, knowing and intentional acts and

16  discrimination against SMOLLEN, he has suffered and continues to suffer humiliation,

17  annoyance, embarrassment, shame, fright, loss of reputation, severe stress and mental and

18  physical pain and anguish, all to his damage in a sum to be established according to proof.

19        66.    In addition to such other damages as may properly be recovered herein, Plaintiff

20  is entitled to recover prevailing party attorney's fees.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress v. All Defendants)

21        67.    Plaintiff incorporates herein by this reference all preceding paragraphs of the

22  Complaint as though fully set forth anew.

23        68.    Based on the above-alleged acts, Defendants' conduct was extreme, outrageous and

24  done with the intent to cause emotional distress or with reckless disregard of the probability of

25  causing Plaintiff emotional distress.

26        69.    As a direct and proximate result of the Defendants' conduct, Plaintiff is informed

27  and believes, and based thereon allege, that Plaintiff has been subjected to severe emotional distress

28

FIRST AMENDED COMPLAINT

1    and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will

2    continue to live in a constant state of emotional tension and distress.

3        70.    Plaintiff is informed and believe, and based thereon alleges, that in committing the

4    aforesaid wrongful acts, Defendants acted with malice, oppression, and disregard of Plaintiff's

5    rights and interests, thereby entitling Plaintiff's to an award of punitive and exemplary damages in

6    an amount to be determined at trial.

7                              **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiff pray for judgment and relief as follows:

9        1.    For compensatory damages, including loss of wages, promotional opportunities,

10                benefits, and other opportunities of employment according to proof;

11       2.    For mental and emotional distress damages;

12       3.    For an award of interest, including prejudgment interest, at the legal rate;

13       4.    For an award of prevailing party attorney fees as allowed by Cal. Gov. Code §
            12965(b);

14       5.    For punitive and exemplary damages in an amount sufficient to punish and deter

15                Defendants' outrageous conduct;

16       6.    For injunctive and declaratory relief;

17       7.    For costs of suit herein; and;

18       8.    For such other and further relied as this Court may deem just and proper.

19

20                                            The Larabee Law Firm

21    Dated:    October 28, 2013           By: _____
22                                            Catherine Hampton, Esq.
                                             Attorney for Plaintiff

23

24

25

26

27

28


                              FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is The Larabee Law Firm, 4455 Murphy Canyon Road, Suite 211, San Diego, California 92123. On the date set forth below I served the documents described below in the manner described below:

1.      **Plaintiff's First Amended Complaint for Damages**

[X]     (By U.S. MAIL - CCP § 1013a(1)) I am personally and readily familiar with the business practice of The Larabee Law Firm for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

[X]     (BY FACSIMILE - CCP § 1013(e)) I am personally and readily familiar with the business practice of the Law Office of Joel D. Larabee for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

on the part(ies) in this action:

Gary T. Montgomery
Kirsten B. Shea
Thompson & Colegate LLP
3610 Fourteenth Street
P.O. Box 1299
Riverside, California 92502
Fax: (951) 781-4012

Nicholas C. Bart (Seeking Admission Pro Hac Vice)
Peter C. Kim (Seeking Admission Pro Hac Vice)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Fax: (312) 345-9860

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: October 28, 2013

Catherine Hampton, Esq.

Proof Of Service

EXHIBIT "H"

1  GARY T. MONTGOMERY (SBN 166817)
   KIRSTEN B. SHEA (SBN 241469)
2  THOMPSON & COLEGATE LLP
   3610 Fourteenth Street
3  P. O. Box 1299
   Riverside, California 92502
4  Tel: (951) 682-5550
   Fax: (951) 781-4012
5
   NICHOLAS C. BART (Admitted Pro Hac Vice)
6  PETER C. KIM (Admitted Pro Hac Vice)
   ADLER MURPHY & McQUILLEN LLP
7  20 S. Clark Street, Suite 2500
   Chicago, Illinois 60603
8  Tel: (312) 345-0700
   Fax: (312) 345-9860
9
10 Attorneys for Defendant, KALITTA AIR, L.L.C.

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA
12              FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT
13

14 JAMES SMOLLEN, an individual,              CASE NO. RIC 1309670
15
              Plaintiff,                      JUDGE: Hon. Craig G. Riemer
16
17 v.                                         **DEFENDANT KALITTA AIR, L.L.C.'S
                                              NOTICE OF DEMURRER AND
   KALITTA AIR, L.L.C., and DOES 1 through 5, DEMURRER TO FIRST AMENDED
18                                            COMPLAINT; MEMORANDUM OF
              Defendants.                     POINTS AND AUTHORITIES IN
19                                            SUPPORT THEREOF**
20
21 DATE:      December 30, 2013
   TIME:      8:30 a.m.
22 DEPT:      11
23 TRIAL DATE:        Not Assigned
   ACTION FILED:      8/20/13
24

25      TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF
26 RECORD:
27      PLEASE TAKE NOTICE that on December 30, 2013, at 8:30 a.m. or as soon thereafter as
28 counsel may be heard, in Department 11 of the above-entitled Court, located at 4050 Main Street,

                                           1

1   Riverside, California 92501, the Honorable Craig G. Riemer presiding, Defendant KALITTA AIR,

2   L.L.C. ("KALITTA") will and hereby does generally and specifically demur to the First Amended

3   Complaint of Plaintiff JAMES SMOLLEN.

4        The instant Demurrer is made pursuant to Code of Civil Procedure section 430.10(a) and (e),

5   upon the grounds that the allegations contained in Plaintiff's Second, Fourth, Sixth and Seventh

6   Causes of Action against KALITTA fail to state facts sufficient to constitute a valid cause of action.

7   In addition, the Court has no jurisdiction over the subject matter of Plaintiff's Sixth and Seventh

8   Causes of Action.

9        The Demurrer is based on this Notice, the attached Memorandum of Points and Authorities in

10   support thereof, all records and pleadings on file with the Court in this matter, all matters of which

11   the Court may take judicial notice, and upon all further evidence and argument that may be

12   presented in Reply to any Opposition on this Demurrer or at the hearing on this Demurrer.

13

14                              NICHOLAS C. BART (Admitted Pro Hac Vice)
                                PETER C. KIM (Admitted Pro Hac Vice)
15                              **ADLER MURPHY & McQUILLEN LLP**

16                              GARY T. MONTGOMERY
                                **THOMPSON & COLEGATE LLP**
17

18   DATED: November 26, 2013

19                              By: _____

20                                  GARY T. MONTGOMERY
                                    Attorneys for Defendant,
21                                  KALITTA AIR, L.L.C.

22

23

24

25

26

27

28

DEFENDANT'S NTC OF DEMURRER & DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM
OF POINTS & AUTHORITIES IN SUPPORT

## DEMURRER

Defendant KALITTA AIR, L.L.C. ("KALITTA") hereby demurrers to Plaintiff's Second, Fourth, Sixth and Seventh Causes of Action of the First Amended Complaint on the following grounds:

### DEMURRER TO THE SECOND CAUSE OF ACTION

1.    Plaintiff's Second Cause of Action for disability discrimination in violation of the FEHA (California Government Code § 12940(j)) fails to state facts sufficient to constitute a valid cause of action against Defendant KALITTA, pursuant to California Code of Civil Procedure section 430.10(e).

### DEMURRER TO THE FOURTH CAUSE OF ACTION

2.    Plaintiff's Fourth Cause of Action for failure to take steps reasonably necessary to prevent discrimination in violation of the FEHA (California Government Code § 12940, et seq.) fails to state facts sufficient to constitute a valid cause of action against Defendant KALITTA, pursuant to California Code of Civil Procedure section 430.10(e).

### DEMURRER TO THE SIXTH CAUSE OF ACTION

3.    Plaintiff's Sixth Cause of Action for retaliation in violation of the FEHA (California Government Code § 12940, et seq.) and California Labor Code § 132a fails to state facts sufficient to constitute a valid cause of action against Defendant KALITTA, pursuant to California Code Civil Procedure § 430.10(e), and the Court has no jurisdiction over the subject matter of the Sixth Cause of Action that relate to California Labor Code § 132a, pursuant to California Code Civil Procedure § 430.10(a).

### DEMURRER TO THE SEVENTH CAUSE OF ACTION

4.    Plaintiff's Seventh Cause of Action for intentional infliction of emotional distress fails to state facts sufficient to constitute a valid cause of action against Defendant KALLITA, pursuant to the California Code of Civil Procedure § 430.10(e), and the Court has no jurisdiction over the subject matter of the Seventh Cause of Action, pursuant to California Code of Civil Procedure § 430.10(a).

1       WHEREFORE, Defendant KALLITA prays that this Demurrer be sustained without leave to

2   amend and award such other relief as the Court may deem necessary and proper.

3   DATED: November 26, 2013        THOMPSON & COLEGATE LLP

4

5                         By:

6                         GARY T. MONTGOMERY

                           Attorneys for Defendant,

7                         KALITTA AIR, L.L.C.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NTC OF DEMURRER & DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM
OF POINTS & AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS ............................................1

III. LEGAL STANDARD ON DEMURRER ..........................................................2

IV. ARGUMENT ......................................................................................................2

    A.    Plaintiff's Claim for Disability Discrimination Fails Because He has not Sufficiently Alleged a Discriminatory Motive. ...................................2

    B.    Plaintiff's Claim for Failure to Take Reasonably Necessary Steps to Prevent Discrimination Fails Because He has not Sufficiently Alleged that Kalitta Breached Any Duty. ...........................................................3

    C.    Plaintiff's Claims for Retaliation in Violation of the FEHA and Lab. Code § 132a should be Dismissed. ...............................................................4

        1.    Plaintiff's Retaliation Claim Based on His Complaints about Kalitta's Alleged Failure to Reasonably Accommodate and Engage in a Good Faith Interactive Process Fails to Allege Sufficient Facts to State a Cause of Action. ..........................................................................5

        2.    Plaintiff's Retaliation Claim for Filing a Workers' Compensation Claim Also Fails because the Court Lacks Jurisdiction over the Subject Matter of the Claim. ............................................................................6

    D.    Plaintiff's IIED Claim Fails to Allege Sufficient Facts to State a Cause of Action and the Court Lacks Jurisdiction over the Subject Matter of the Claim. ......8

        1.    Plaintiff's IIED Claim is barred by the Exclusive Remedy Provision of the Workers' Compensation Laws. ..............................................8

        2.    Plaintiff's IIED Claim Fails to Allege Sufficient Facts to State a Cause of Action. ........................................................................................9

V. CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

Page

## CASES

*Blank v. Kirwan*
    (1985) 39 Cal.3d 311 ............................................................................2

*California Fair Emp't & Hous. Comm'n v. Gemini Aluminum Corp.*
    (2004) 122 Cal.App.4th 1004 ...........................................................4

*Cole v. Fair Oaks Fire Protection Dist.*
    (1987) 43 Cal.3d 148 ............................................................................8

*Dutra v. Mercy Med. Ctr. Mt. Shasta*
    (2012) 209 Cal.App.4th 750 ...........................................................7

*Flait v. N. Am. Watch Corp.*
    (1992) 3 Cal.App.4th 467 ................................................................4

*Guz v. Bechtel Nat'l, Inc.*
    (2000) 24 Cal.4th 317 ......................................................................3

*Hughes v. Pair*
    (2009) 46 Cal.4th 1035 ....................................................................8

*Janken vs. GM Hughes Electronics*
    46 Cal.App. 4th 55, 80 (1996) ......................................................9

*Kelley v. Corr. Corp. of Am.,*
    750 F. Supp. 2d 1132 .......................................................................5

*McMahon v. Craig*
    (2009) 176 Cal.App.4th 222 ......................................................8, 9

*Potter v. Firestone Tire & Rubber Co.*
    (1993) 6 Cal.4th 965, 1001 .............................................................8

*Rubadeau v. M.A. Mortenson Co.,*
    13-cv-339, 2013 U.S. Dist. LEXIS 93928 ...................................5

*Schmidt v. Foundation Health*
    (1995) 35 Cal.App.4th 1702 ...........................................................2

*Trujillo v. North Cnty. Transit Dist.*
    (1998) 63 Cal.App.4th 280 .............................................................3

*Yanowitz v. L'Oreal USA, Inc.*
    (2005) 36 Cal.4th 1028 ....................................................................6

## STATUTES

California Code Civil Procedure § 430.10 ...................................................................2, 3

California Government Code § 12940 ........................................................................3, 4, 5

California Labor Code § 132a ...............................................................................1, 3, 4, 7

Code Civ. Proc. § 589 ..............................................................................................2

Evidence Code § 452(d) ...........................................................................................1

DEFENDANT'S NTC OF DEMURRER & DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM
OF POINTS & AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, JAMES SMOLLEN ("Plaintiff"), a former employee of Defendant KALITTA AIR, L.L.C. ("KALITTA") filed his First Amended Complaint on October 28, 2013 against KALITTA. The Court is respectfully requested to take judicial notice of Plaintiff's First Amended Complaint on file herein, pursuant to Evidence Code § 452(d). Plaintiff's claims pertain to events that allegedly took place during his employment with KALITTA. In his Complaint, Plaintiff alleges that he suffered a July 2012 work-related injury and subsequently filed for workers' compensation benefits and took a medical leave. Plaintiff alleges that KALITTA's conduct following his work-related injury gave rise to the following seven causes of action: (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) disability discrimination in violation of the FEHA; (3) failure to make reasonable accommodations and failure to engage in a good faith interactive process in violation of the FEHA; (4) failure to take steps reasonably necessary to prevent discrimination in violation of the FEHA; (5) wrongful termination in violation of public policy; (6) retaliation in violation of the FEHA and California Labor Code § 132a; and (7) intentional infliction of emotional distress. Plaintiff, however, has failed to state facts sufficient to constitute a cause of action on several of his claims and this Court lacks jurisdiction over the claims that are within the sole province of the Workers' Compensation Appeals Board ("WCAB") and the applicable workers' compensation laws.

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a 64 years old former employee of KALITTA. *See* Compl., ¶¶ 14, 15. KALITTA is a cargo airline that operates, among other places, out of the Los Angeles International Airport. *Id.* at ¶ 16. Around July 2012, Plaintiff allegedly suffered a workplace shoulder injury when he moved a large cargo pallet on an airplane. *Id.* at ¶ 18. On July 16, 2012, Plaintiff filed a workers' compensation claim as a result of the shoulder injury and took an extended leave of absence. *Id.* at ¶ 19. During his absence, Plaintiff allegedly provided periodic updates on his medical condition to KALITTA. *Id.* at ¶ 20. Plaintiff's doctor allegedly cleared him to return to work with accommodations around December 2012. *Id.* at ¶ 22.

1

At three unspecified times in December 2012, Plaintiff allegedly contacted two supervisors to return to work with minor, low-cost work accommodations including, refraining from lifting a load in excess of 20 pounds and refraining from activities that required lifting his arm above his head. *Id.* at ¶ 23. Plaintiff alleges that the two supervisors informed a third supervisor, who rejected the accommodation request. *Id.* at ¶ 24. According to Plaintiff, KALLITA allegedly told him that the reason it denied his request was because it was concerned that he would injure himself again and sue KALLITA. *Id.* at ¶ 25. Plaintiff alleged that he "strongly asserted that he could have done approximately 95% of his job with the minor restrictions in place because the lion's share of his average day consisted of purely administrative duties." *Id.* at ¶ 26.

On January 3, 2013, Plaintiff alleges that KALLITA discharged him without any prior notice and did not give him a reason for the separation. *Id.* at ¶¶ 27, 29. After his discharge, Plaintiff alleges that a supervisor informed him that the decision was for cost-saving measure. *Id.* at ¶ 29. Plaintiff alleges that KALLITA then hired a "much younger employee, at a higher cost, to replace Plaintiff." *Id.* at ¶ 30.

## III.   LEGAL STANDARD ON DEMURRER

The function of a demurrer is to test the sufficiency of the allegations of the complaint. *See* Code Civ. Proc. § 589; *Schmidt v. Foundation Health* (1995) 35 Cal.App.4th 1702, 1706. A demurrer is appropriate where the complaint "does not state facts sufficient to constitute a cause of action" and where the court lacks jurisdiction over the subject of a cause of action. Code Civ. Proc. § 430.10(a) and (e). A court is to "treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.

## IV.   ARGUMENT

### A.   Plaintiff's Claim for Disability Discrimination Fails Because He has not Sufficiently Alleged a Discriminatory Motive.

Plaintiff's second cause of action for disability discrimination alleges that KALLITA discriminated against him on the basis of his disability in violation of the FEHA. In order to state a claim for discrimination under the FEHA, a plaintiff must show: (1) he was a member of a protected

2

class; (2) he was qualified for the position he sought or was performing competently in the position he held; (3) he suffered an adverse employment action; and (4) some other circumstance that suggests a discriminatory motive by the employer. See *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 355.

Here, Plaintiff failed to allege the requisite elements of a disability discrimination claim under the FEHA. While Plaintiff may arguably have pled that he is a member of a protected class and that he was qualified for his position, he does not allege circumstances that suggest a discriminatory motive by KALLITA. Instead, Plaintiff alleges that KALLITA rejected his requests to return to work because it was "scared that [Plaintiff] would get hurt again and sue the company…" and terminated him as a cost-saving measure. *Id.* at ¶¶ 25, 29. Based on this allegation, Plaintiff asserts a legal conclusion that he "believes and thereon alleges that his disability (work related shoulder injury) was a factor in Defendants' adverse actions …" See *Id.* at ¶ 39. This conclusory allegation is insufficient because it does not provide any facts to allege how or why Plaintiff's disability was a factor in his discharge. The conclusory allegation that KALLITA was "scared" of being sued rings hollow because California has strict workers' compensation laws and the alleged fear of a workers' compensation claim does not equate with a discrimination based on a disability. Because the Court must disregard such conclusions on a demurrer, Plaintiff's second cause of action must be dismissed for failure to state facts sufficient to constitute a claim.

    **B.**    **Plaintiff's Claim for Failure to Take Reasonably Necessary Steps to Prevent Discrimination Fails Because He has not Sufficiently Alleged that Kalitta Breached Any Duty.**

Plaintiff's fourth cause of action alleges that KALLITA failed to take reasonably necessary steps to prevent discrimination and harassment against him in violation of the FEHA. The FEHA provides that it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k). A section 12940(k) claim is, in essence, a negligence claim whereby a plaintiff must plead all of the elements of a tort: legal duty of care, breach of that duty, causation, and damages. *Trujillo v. North Cnty. Transit Dist.* (1998) 63 Cal.App.4th 280, 286. In determining whether reasonable steps of prevention have been taken,

3

relevant considerations include whether the employer: (1) promptly investigated claims of discrimination; (2) has established and promulgated an anti-discrimination policy; and (3) has implemented effective procedures to handle complaints and grievances regarding discrimination. *California Fair Emp't & Hous. Comm'n v. Gemini Aluminum Corp.* (2004) 122 Cal.App.4th 1004, 1024-25.

Here, Plaintiff's fourth cause of action fails because he has not pled facts sufficient to establish that KALLITA breached a duty of care under Gov. Code § 12940(k). Rather, Plaintiff merely states the unsupported conclusion that "Plaintiff is informed and believes and thereon alleges that KALITTA failed to take all steps reasonably necessary to prevent discrimination and harassment from occurring in violation of the applicable provisions of Government Code §§ 12940, et seq." *See* Compl. at ¶ 51. Because this statutory claim is in the nature of a negligence claim, Plaintiff must set forth factual allegations that explain how KALLITA breached the duty of care under § 12940(k) and how or in what way KALLITA failed to take reasonable steps to prevent discrimination or harassment. Plaintiff's blanket assertion, without more, does not suffice to state a claim that KALLITA has acted unreasonably in violation of § 12940(k). Therefore, Plaintiff's fourth cause of action must be dismissed for failure to state facts sufficient to constitute a claim.

C.  **Plaintiff's Claims for Retaliation in Violation of the FEHA and Lab. Code § 132a should be Dismissed.**

In his sixth cause of action, Plaintiff alleges that KALLITA retaliated against him for complaining about its alleged failure to reasonably accommodate and engage in a good faith interactive process and for filing a worker's compensation claim. *See* Compl. at ¶¶ 62, 63. The elements of a retaliation claim are: (1) the plaintiff engaged in a protected activity; (2) the employer subjected the employee to an adverse employment action; and (3) a causal link existed between the protected activity and the employer's action. *Flait v. N. Am. Watch Corp.* (1992) 3 Cal.App.4th 467, 476.

///

///

///

4

1.   **Plaintiff's Retaliation Claim Based on His Complaints about Kalitta's Alleged Failure to Reasonably Accommodate and Engage in a Good Faith Interactive Process Fails to Allege Sufficient Facts to State a Cause of Action.**

Plaintiff asserts a cause of action for retaliation under section 12940(h). That subdivision prohibits discharge or other discrimination against a person because he "has opposed any practices forbidden under [the FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]." Cal. Gov. Code § 12940(h). Plaintiff's theory is that when he opposed KALLITA's alleged "discriminatory acts by complaining about Defendant's failure to reasonably accommodate and engage in a good faith interactive process," KALLITA terminated him. *See* Compl. at ¶ 62.

The anti-retaliation provision of section 12940(h) was intended to protect employees who oppose activity by an employer that the employee reasonably believes constitute unlawful discrimination under the FEHA. In *Kelley*, the court found that section 12940(h) restricts its application to retaliation taken in response to employee opposition to a right guaranteed under the FEHA. *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1143-44 (E.D. Cal. 2010). Based upon its research and interpretation of section 12940(h), the court held that a mere request for accommodation is not an opposition to a protected activity and cannot form the basis of a section 12940(h) retaliation claim. *Id.*; see also, *Rubadeau v. M.A. Mortenson Co.*, 13-cv-339, 2013 U.S. Dist. LEXIS 93928, *29 (E.D. Cal. July 3, 2013) (requesting that employer provide an accommodation "does not constitute a form of opposition or participation in a proceeding, and thus is not protected activity under FEHA's retaliation provision"). Furthermore, "Logic demands that any protected activity engaged in by a plaintiff that is the basis for a claim of retaliation must precede the defendant's retaliatory act." *Kelley*, 750 F. Supp. 2d at 1143.

Here, Plaintiff did not file a complaint, testify or assist in any proceeding under the FEHA prior to his termination date. In fact, Plaintiff admits that he only filed a complaint under the FEHA with the Department of Fair Employment and Housing on August 16, 2013 – over seven months after his employment was terminated with KALLITA. *See* Compl. at ¶ 10. Thus, only alleged

5

1   opposition by Plaintiff that occurred before his termination is relevant in determining whether

2   Plaintiff has set forth the requisite elements of the claim. While Plaintiff alleges that he

3   "complain[ed] about Defendant's failure to reasonably accommodate and engage in a good faith

4   interactive process," (*See* Compl. at ¶ 62) he has failed to assert any facts whatsoever as to the

5   substance, nature and circumstance of his alleged opposition. As such, Plaintiff's conclusory

6   allegation that he opposed the alleged discriminatory acts fails because he has not alleged any - let

7   alone sufficient - facts to constitute a valid cause of action.

8        Moreover, in order to plead a retaliation claim under the FEHA, there must be some evidence

9   that the employer knew that the employee was engaged in activities in opposition to the employer at

10  the time of the claimed retaliatory action. See *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028,

11  1042 ("Standing alone, an employee's unarticulated belief that an employer is engaging in

12  discrimination will not suffice to establish protected conduct for the purposes of establishing a prima

13  facie case of retaliation, where there is no evidence the employer knew that the employee's

14  opposition was based upon a reasonable belief that the employer was engaging in discrimination.")

15  Here, Plaintiff failed to allege that KALLITA knew Plaintiff was allegedly opposing some

16  discriminatory act in violation of the FEHA.

17       Furthermore, Plaintiff's retaliation claim is based solely on his alleged request for an

18  accommodation. This allegation duplicates and is redundant of the allegations of Plaintiff's cause of

19  action for failure to accommodate and engage in good faith interactive process. Essentially,

20  Plaintiff's claim for retaliation is nothing more than a rehash of his claim of failure to accommodate

21  and engage in the interactive process.

22       Therefore, Plaintiff's sixth cause of action must be dismissed for failure to state facts

23  sufficient to constitute a claim.

24   **2.**   **Plaintiff's Retaliation Claim for Filing a Workers' Compensation Claim**

25        **Also Fails because the Court Lacks Jurisdiction over the Subject Matter**

26        **of the Claim.**

27       Plaintiff's sixth cause of action comingles a retaliation claim based upon an alleged violation

28  of the FEHA, for failure to accommodate, and a retaliation claim for filing a workers' compensation

claim in violation of Labor Code section 132a. Much like the FEHA retaliation claim, Plaintiff's retaliation claim based on section 132a, the anti-retaliation provision of the workers' compensation statute, fails because the facts Plaintiff has pled show that the Workers' Compensation Appeals Board ("WCAB") has exclusive jurisdiction over the claim.

In his section 132a claim, Plaintiff alleges that Kalitta "retaliated against [him] for filing a workers' compensation claim by terminating him." See *Id.* at ¶ 63. While Labor Code section 132a prohibits an employer from discharging or threating to discharge an employee who has filed or threatens to file a workers' compensation claim, the statute grants jurisdiction to the WCAB over section 132a violations.

*Dutra v. Mercy Med. Ctr. Mt. Shasta* (2012) 209 Cal.App.4th 750 is directly on point. In Dutra, the plaintiff-employee argued that the trial court had jurisdiction to hear claim for wrongful termination in violation of Labor Code section 132a. *Id.* at 753. The trial court dismissed the plaintiff's claim on the grounds that the WCAB had "exclusive jurisdiction to adjudicate claims under Labor Code section 132a." *Id.* The appellate court affirmed concluding that section 132a cannot form the basis of a tort cause of action, and explained:

> Section 132a includes limitations on its scope and remedy that prevent it from being the basis of a common law cause of action. The statute establishes a specific procedure and forum for addressing a violation. It also limits the remedies that are available once a violation is established. **Allowing plaintiff to pursue a tort cause of action based on a violation of section 132a would impermissibly give her broader remedies and procedures than that provided by the statute.** Thus, the statute cannot serve as the basis for a tort claim of wrongful termination in violation of public policy, and the trial court correctly granted [the employer's] motion to dismiss the action.

*Id.* at 756 (emphasis added).

Here, Plaintiff alleges that after filing a workers' compensation claim, KALLITA discharged him in violation of section 132a. Given that Plaintiff's claim is based on an alleged violation of section 132a, *Dutra* requires the Court to dismiss the claim because California does not recognize a tort claim for retaliatory discharge for filing a workers' compensation claim. Therefore, the Court lacks jurisdiction over Plaintiff's retaliation claim based on Labor Code section 132a.

**D.      Plaintiff's IIED Claim Fails to Allege Sufficient Facts to State a Cause of Action and the Court Lacks Jurisdiction over the Subject Matter of the Claim.**

Plaintiff's seventh cause of action for intentional infliction of emotional distress ("IIED") is based solely on KALLITA's employment decisions, which Plaintiff claims violated his rights under the FEHA and the Workers' Compensation Act. Plaintiff improperly concludes that these employment decisions were "extreme, outrageous and done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress." *See* Compl. at ¶ 63.

In order to state a valid claim for IIED, the plaintiff must plead: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1001. Liability attaches where a conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See *McMahon v. Craig* (2009) 176 Cal.App.4th 222, 236. Further, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to state a claim for IIED. *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1051.

**1.      Plaintiff's IIED Claim is barred by the Exclusive Remedy Provision of the Workers' Compensation Laws.**

A cause of action for IIED arising out of an employment relationship may be subject to the exclusive remedy provisions of the workers' compensation laws. See *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160. In *Cole*, the court held that the workers' compensation exclusive remedy provisions preempted an employee's IIED claim. *Id.* at 151. The *Cole* court explained: "An employer's supervisory conduct is inherently 'intentional,'" and "it would be unusual for an employee not to suffer emotional distress as a result of an unfavorable decision by his employer." *Id.* at 160 (italics in original). Therefore, the court reasoned that where the acts attributed to the employer constitute a normal part of the employment relationship, such as a discharge,

8

1  demotion, discipline or criticism, an employee may not avoid the exclusive remedy provisions of the

2  Labor Code merely by characterizing the employer's decision as one calculated to cause severe

3  emotional disturbance. *Id.*

4        Here, Plaintiff's IIED claim is based solely on KALLITA's alleged rejection of his

5  accommodation request and termination of his employment based purportedly on his age, disability

6  and filing a workers' compensation claim. No matter how Plaintiff characterizes KALLITA's

7  conduct, there can be no dispute that the alleged conduct was merely part of the normal course of the

8  employment relationship, and one that is subject to the exclusive remedy provision of the workers'

9  compensation laws. Therefore, Plaintiff's IIED claim does not fall outside the exclusive jurisdiction

10 of the Workers' Compensation Appeals Board.

11       **2.**    **Plaintiff's IIED Claim Fails to Allege Sufficient Facts to State a Cause of**

12               **Action.**

13       Even if this Court had jurisdiction over the IIED claim, the Court should dismiss Plaintiff's

14 claim because he has not alleged facts sufficient to state a cause of action. An essential element of an

15 IIED claim is a pleading of outrageous conduct beyond the bounds of human decency. See

16 *McMahon*, supra, 176 Cal.App.4th at 236. In *Janken vs. GM Hughes Electronics*, the court affirmed

17 the dismissal of an IIED claim that duplicated an FEHA claim, and reasoned:

18         The intentional infliction of emotional distress claim fails for similar reasons.
        An essential element of such a claim is a pleading of outrageous conduct
19         beyond the bounds of human decency. (Citation omitted.) Managing personnel
        is not outrageous conduct beyond the bounds of human decency, but rather
20         conduct essential to the welfare and prosperity of society. A simple pleading of
        personnel management activity is insufficient to support a claim of intentional
21         infliction of emotional distress, even if improper motivation is alleged. If
        personnel management decisions are improperly motivated, the remedy is a suit
22         against the employer for discrimination.

23 46 Cal. App. 4th 55, 80 (1996).

24       Here, Plaintiff's only allegation to support his IIED claim merely states a conclusion of law

25 that "[b]ased on the above-alleged facts, Defendants' conduct was extreme, outrageous and done

26 with the intent to cause emotional distress or with reckless disregard of the probability of causing

27 Plaintiff's emotional distress." *See* Compl. at ¶ 68. Yet, the totality of the "above-alleged facts"

28 referenced by Plaintiff amounts to nothing more than KALLITA's employment decision to allegedly

9

1   deny his accommodation request and terminate his employment. There is simply nothing about this

2   conduct that would even remotely constitute "outrageous conduct beyond the bounds of human

3   decency." As *Janken* noted, "A simple pleading of personnel management activity is insufficient to

4   support a claim of intentional infliction of emotional distress, even if improper motivation is

5   alleged." 46 Cal. App. 4th at 80 (emphasis added). Therefore, Plaintiff's seventh cause of action

6   must be dismissed for failure to state facts sufficient to constitute a claim.

7                                    **V.   CONCLUSION**

8            For the foregoing reasons, Defendant respectfully requests that this Demurrer be sustained,

9   without leave to amend, and that the Second, Fourth, Sixth and Seventh Causes of Action of

10  Plaintiff's First Amended Complaint be dismissed with prejudice.

11  DATED: November 26, 2013                THOMPSON & COLEGATE LLP

12

13                                          By: _____

14                                              GARY T. MONTGOMERY
                                                Attorneys for Defendant,
15                                              KALITTA AIR, L.L.C.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NTC OF DEMURRER & DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM
OF POINTS & AUTHORITIES IN SUPPORT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **3610 Fourteenth Street, P. O. Box 1299, Riverside, California 92502.**

On November 26, 2013, I served the foregoing document described as **DEFENDANT KALITTA AIR, L.L.C.'S NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

☒     by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒     **BY REGULAR MAIL:**  I deposited such envelope in the mail at 3610 Fourteenth Street, Riverside, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐     **BY FACSIMILE MACHINE:**  I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

☐     **BY OVERNIGHT DELIVERY:**  I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees.  The envelope or package was deposited with delivery fees thereon fully prepaid.

☐     **BY ELECTRONIC MAIL:**  I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐     **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 26, 2013, at Riverside, California.

_____
Lori Pap

1

## SERVICE LIST

2

3   Joel D. Larabee, Esq.                           Attorneys for Plaintiff
    THE LARABEE LAW FIRM                            JAMES SMOLLEN
4   4455 Murphy Canyon Rd., Suite 211              (619) 453-0893
    San Diego, CA 92123                            (619) 342-8550

5

6   Nicholas C. Bart (Admitted Pro Hac Vice)        Co-Counsel for Defendant
    Peter C. Kim (Admitted Pro Hac Vice)            KALITTA AIR, L.L.C.
7   ADLER MURPHY & McQUILLEN LLP                    Tel: (312) 345-0700
    20 S. Clark Street, Suite 2500                  Fax: (312) 345-9860
8   Chicago, Illinois 60603

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "I"

Joel D. Larabee, Esq. SB #243117
Catherine Hampton, Esq. SB #285864
THE LARABEE LAW FIRM
4455 MURPHY CANYON ROAD, SUITE 211
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 453-0892
TELECOPIER: (619) 342-8550
JOEL@LARABEELAW.COM
CATHERINE@LARABEELAW.COM



Attorney for Plaintiffs,
**JAMES SMOLLEN**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JAMES SMOLLEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KALITTA AIR, LLC, and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Case No. RIC 1309670<br><br>PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT<br>[CCP §430.10(e), (f)]<br><br>Date:     December 30, 2013<br>Time:     8:30 a.m.<br>Dept.:     11 |

Plaintiff, JAMES SMOLLEN, hereby opposes the demurrer to his first amended complaint, scheduled for hearing on the above-referenced date and time; and Plaintiff does hereby respectfully submit his memorandum of points and authorities in support thereof as follows:

////

///

///

///

///

///

12/16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ............................................................................................................ 1

II.  ARGUMENT ............................................................................................................... 2

   A.  Plaintiff's Second Cause Of Action For Disability Discrimination..................................... 2

   B.  Plaintiff's Fourth Cause Of Action For Failure To Take Reasonably Necessary Steps To
Prevent Discrimination ..................................................................................................... 4

   C.  Plaintiff's Sixth Cause Of Action For Retaliation ............................................................. 5

   D.  Plaintiff's Seventh Cause Of Action For Intentional Infliction Of Emotional Distress ..... 5

III.  CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIE.

## Cases

*Accardi v. Sup. Ct.* (1993) 17 Cal.App.4[th] 341 ............................................................... 6

*Chase Chemical Co. v. Hartford Accident & Indemnity Co.* (1984) 159 Cal. App. 3d 229... 1, 2, 4

*Gantt v. Sentry Ins.* (1992) 1 Cal.4[th] 1083 .................................................................. 5, 6

*Goodman v. Kennedy,* (1976) 18 Cal.3d 335 ................................................................. 6

*Johnson v. Clark* (1936) 7 Cal. 2d 529 ........................................................................ 2

*Kelly v. Corr. Corp. of Am.,* 750 F.Supp.2d 1132 ......................................................... 5

*Leibert v. Transworld Systems, Inc.* (1995) 32 Cal.App.4[th] 1693 .............................. 6

*Livitsanos v. Sup. Ct.* (1992) 2 Cal.4[th] 744 ............................................................ 5, 6

*McDonald v. Sup. Ct.* (1986) 180 Cal.3d 297 .............................................................. 7

*Richard H. v. Larry D.* (1988) 198 Cal.App.3d 591 ..................................................... 2, 6

*Sandell v. Taylor-Listing, Inc.* (2010) 188 Cal.4[th] 297 ........................................... 1, 2

*Schultz v. Spraylat Corp.,* 866 F.Supp. 1535 ............................................................ 1, 2

*Stevens v. Sup.Ct.* (1999) 75 Cal.App.4[th] 594 ....................................................... 1, 2

*Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4[th] 280 ........................... 1, 4

*Truta v. Avis Rent-A-Car System, Inc.* (1987) 193 Cal. App. 3d 802 ........................... 2

## Statutes

Cal.Civ.P. § 452 ...................................................................................................... 2

Gov. Code § 12940(h)............................................................................................... 5

Gov. Code § 12940(k)............................................................................................... 4

## Other Authorities

CACI § 2505 .............................................................................................................. 5

CACI § 2527 .............................................................................................................. 4

CACI § 2540 .............................................................................................................. 3

PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT

I.    INTRODUCTION

Plaintiff, a 64 year-old man, worked for Kalitta Air for approximately six and a half years as a Station Manager at its Los Angeles Airport location. (*See* First Amended Complaint, ¶¶ 14, 15). Plaintiff injured himself in July 2012 when he moved a large cargo pallet on an airplane which caused a shoulder injury that required surgery. (*See* First Amended Complaint, ¶ 18). Plaintiff then filed a workers compensation claim on or about July 16, 2013 and left work to begin his rehabilitation. (*See* First Amended Complaint, ¶ 19).

Plaintiff remained in contact with his supervisor Thomas Henry and his Human Resources Representative Laurie Stockton approximately every two-weeks to provide updates about his medical status. (*See* First Amended Complaint, ¶ 20). Henry often told Plaintiff that he looked "forward to getting [Smollen] back on the job" and also that Plaintiff was one of the "best Station Managers at Kalitta." (*See* First Amended Complaint, ¶ ¶ 20, 28). Plaintiff's doctor cleared him to return to work with accommodations around December 2012. (*See* First Amended Complaint, ¶ 22). Plaintiff contacted his supervisors approximately three times in writing during December 2012 and requested to come back to his position with minor accommodations including: refraining from lifting a load in excess of 20 pounds and refraining from activities that required he lift his arm above his head. (*See* First Amended Complaint, ¶ 23). Administrative duties comprised the lion's share of Plaintiff's day and rendered the requested accommodations reasonable for Kalitta to incorporate. (*See* First Amended Complaint, ¶ 26). However, when Henry and Stockton informed another supervisor, Pete Sanderlin, about Plaintiff's request for accommodation he flatly rejected them. (*See* First Amended Complaint, ¶ 24). Henry informed Plaintiff that Sanderlin rejected his requests for accommodation because Sanderlin feared Smollen could get injured again and sue the company. (*See* First Amended Complaint, ¶ 25). Approximately one-month later, around January 3, 2013, Kalitta terminated Plaintiff citing it as a "cost-saving measure," but then hired a younger employee at a higher cost to replace Plaintiff. (*See* First Amended Complaint, ¶¶ 29-30).

On October 28, 2013, Plaintiff filed his First Amended Complaint with this Court alleging seven causes of action arising out of Defendant Kalitta Air's termination of his employment.

1   Defendant Kalitta demurred on the grounds that Plaintiff allegedly "fails to state

2   sufficient facts to constitute a valid cause of action" under Code of Civil Procedure Section

3   430.10 to Plaintiff's disability discrimination, failure to take steps reasonably necessary to

4   prevent discrimination, retaliation, and intentional infliction of emotional distress claims.

5   Defendant further argues Plaintiff's retaliation and intentional infliction of emotional distress

6   claims fall within the exclusive jurisdiction of the Workers' Compensation Appeals Board.

7   Plaintiff sufficiently pled each and every cause of action as set forth below, and requests

8   this Court to overrule Defendant's demurrer in its entirety.

9   **II.    ARGUMENT**

10   A Complaint is safe from a general demurrer if any cause of action is stated. *See Johnson*

11   *v. Clark* (1936) 7 Cal. 2d 529, 536; *Truta v. Avis Rent-A-Car System, Inc.* (1987) 193 Cal. App.

12   3d 802, 815. All that is necessary as against a general demurrer is to plead facts showing that the

13   Plaintiff may be entitled to some relief. *See Richard H. v. Larry D.* (1988) 198 Cal.App.3d 591,

14   594. In the construction of the pleading, for the purpose of determining its effect, its allegations

15   must be liberally construed, with a view to substantial justice between the parties. *See* Cal.Civ.P.

16   § 452; *Stevens v. Sup.Ct.* (1999) 75 Cal.App.4th 594, 601. In testing the legal sufficiency of a

17   pleading against a general demurrer, properly pleaded allegations, including those that arise by

18   reasonable inference, are deemed admitted regardless of the possibility of proof at trial. *See*

19   *Chase Chemical Co. v. Hartford Accident & Indemnity Co.* (1984) 159 Cal. App. 3d 229, 242-

20   243.

21   **A.    Plaintiff's Second Cause Of Action For Disability Discrimination**

22   Plaintiff's second cause of action for disability discrimination is sufficient as pled. In

23   California, a Plaintiff alleging disability discrimination under FEHA must prove [the] employers

24   alleged nondiscriminatory legitimate business reason was pretextual. *See Schultz v. Spraylat*

25   *Corp.*, 866 F.Supp. 1535, 1539 (C.D. Cal. 1994). A plaintiff's prima facie burden is light and

26   "[g]enerally an employee need only offer sufficient circumstantial evidence to give rise to a

27   reasonable inference of discrimination." *See Sandell v. Taylor-Listing, Inc.* (2010) 188 Cal.4th

28   297, 310.